GIBSON, DUNN & CRUTCHER LLP

Wayne Barsky, SBN 116731
wbarsky@gibsondunn.com
LINDSEY WITTENBERG, SBN 266868
lwittenberg@gibsondunn.com
2029 Century Park East
Suite 4000
Los Angeles, CA 90067-3026
Telephone:    310.557.8183
Facsimile:    310.552.7010

MARTIN, TATE, MORROW & MARSTON, P.C.

Richard M. Carter (admitted *pro hac vice*)
Adam C. Simpson (admitted *pro hac vice*)
6410 Poplar Avenue, Suite 1000
Memphis, TN 38119
Telephone:    901.522.9000
Facsimile:    901.527.3746

Attorneys for Odyssey Medical, Inc.,
a Tennessee Corporation

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE COVE CORP., A Delaware Corporation, d/b/a AUGEN OPTICS in the State of California<br><br>Plaintiff,<br><br>vs.<br><br>ODYSSEY MEDICAL, INC., A Tennessee Corporation,<br><br>Defendant. | Case No: 10cv2606 IEG BGS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, STAY, OR TRANSFER<br><br>Judge:  Hon. Irma E. Gonzalez<br><br>Hearing Date: March 7, 2011<br>Hearing Time: 10:30 a.m.<br><br>Complaint filed:  December 17, 2010 |

## I. INTRODUCTION

Plaintiff Blue Cove Corp d/b/a Augen Optics ("Augen Optics") filed this action for declaratory judgment of non-infringement against Odyssey on December 17, 2010 in the U.S. District Court for the Southern District of California ("California Action"), more than one month *after* Odyssey, on November 6, 2010, filed an action for trademark infringement styled *Odyssey Medical, Inc. v. Augen Opticos, S.A. de C.V.*, Case No. 2:10-CV-02797, in the U.S. District Court for the Western District of Tennessee, Western Division ("Tennessee Action"), which was amended on December 27, 2010 to add Blue Cove d/b/a Augen Optics.[1]  *See* Exh. A. (Odyssey Complaint); Exh. B (Odyssey Amended Complaint).  When applying the first-to-file rule, courts look to the date the original complaint was filed rather than the date of any amendments.  *See Ward v. Follett Corp.,* 158 F.R.D. 645, 648 (N.D.Cal. 1994).   Consequently, Odyssey's action against both Augen Opticos and Augen Optics is considered to have been filed on November 6, 2010.

The Tennessee Action, the first-filed and only coercive action, has at its core Odyssey's PARASOL® mark (Registration No. 2,211,886) (the "PARASOL® mark") that was registered in 1998 and has been used in commerce since 1997.  *See* Exh. B at ¶ 9.  As discussed below, the Tennessee Action was filed after Augen Opticos twice attempted to obtain trademark protection for "Parasol" and then "Augen Parasol"; both times its application was rejected by the U.S.P.T.O. because those requested marks were confusingly similar to the Odyssey's PARASOL® mark.  Despite being aware

---

[1] Odyssey vigorously disputes the claim by Blue Cove that Blue Cove, rather than Augen Opticos, does business in the United States as Augen Optics.  As discussed below, time and time again in its attempts to procure trademark protection in the United States, Augen Opticos filed with the United States Patent and Trademark Office ("U.S.P.T.O.") powers of attorney for applicant Augen Opticos and not Augen Optics.  Those Augen Opticos powers of attorney were signed by Patricia Machado and reflect that Augen Opticos has held itself out as "Augen Optics."  Augen Opticos' actions in another declaratory judgment action it filed with this Court, *Augen Opticos, S.A. de C.V. v. Opthonix, Inc. et al.*, No. 10CV1512-IEG-BLM, further establish that Patricia Machado was an officer of Augen Opticos and that Augen Opticos held itself out as Augen Optics.  Unfortunately, corporate identity is not a fungible commodity to be changed when it suits someone's litigation needs.

of the existence of Odyssey's trademark, and even after receiving a cease and desist letter from Odyssey's counsel, Augen Opticos and Augen Optics kept using the infringing mark in broad-based advertising rather than refraining from using Odyssey's PARASOL® mark.  When it discovered that Augen Opticos did not cease and desist in its use of Odyssey's PARASOL® mark, as requested, and that it had in fact sent unsolicited emails into the Western District of Tennessee and elsewhere, on November 6, 2010 Odyssey filed its coercive action to force Augen Opticos to stop the willful infringement of  Odyssey's long-registered trademark.

Because the Tennessee Action was filed before the California Action, and because both actions concern precisely the same issue – infringement of Odyssey's PARASOL® mark, the first-to-file rule recognized by the Ninth Circuit and by U.S. District Courts in California (and Tennessee) applies and should result in either the dismissal or stay of the California Action or its transfer to the Western District of Tennessee.

**II. BACKGROUND**

Odyssey is a Tennessee corporation engaged in the business of the manufacture and sale of ophthalmic products, including its patented punctal occluder tear duct implant that is sold under Odyssey's PARASOL® mark.  *See* Exh. B at ¶ 9; Exh. C (Hickman Decl.) at ¶ 2.  Odyssey has used the PARASOL® mark in interstate commerce since 1997.  Exh. B at ¶ 12.  In April 2007, Augen Opticos applied for the mark of "PARASOL" under Application Number 85008975 for its ophthalmic lenses.  *Id.* at ¶ 19.  The first trademark examiner refused registration based upon a likelihood of confusion with Odyssey's PARASOL® mark.  *Id.*  Despite the first trademark examiner's rejection of Augen Opticos' application for a trademark for "PARASOL", in June 2010 Augen Opticos filed another application. this time seeking to register the mark "AUGEN PARASOL" under Application 85073980.  *Id.* at ¶ 20.  A second trademark examiner rejected that

1  application based upon the same rationale employed by the first examiner – there was a likelihood of
2  confusion with Odyssey's PARASOL® mark. *Id.*
3
4      Even though Augen Opticos as a result of the two U.S.P.T.O rejections was fully aware of the
5  likelihood of confusion that would be created if Augen Opticos used the "PARASOL" mark, Augen
6  Opticos made a conscious decision to continue using the infringing mark in conjunction with the
7  promotion of its ophthalmic lenses. *Id.* at ¶ 21. In addition to advertising its "AUGEN PARASOL"
8  lenses on both the Augen Opticos and Augen Optics websites, Augen Opticos and Augen Optics also
9  sent targeted unsolicited emails advertising its "AUGEN PARASOL" lenses to the Western District
10 of Tennessee, where the Tennessee Action was filed. *Id.* at ¶ 23; Exh. C at ¶¶ 5-7. Examples of
11 emails distributed by Augen Opticos and Augen Optics, which were received unsolicited by Odyssey
12 and others, are attached to both Odyssey's original and amended Complaint. *See* Exhibit G to Exh. B
13 (Odyssey's Amended Complaint); *see also* Exh. A-C to Exh. C (Hickman Decl.). Shortly after
14 Odyssey learned of the infringement, on October 15, 2010, its counsel sent a cease and desist letter to
15 Odyssey's counsel of record for the Augen Opticos applications for trademark registration of
16 "PARASOL" and "AUGEN PARASOL". *See* Exhibit F to Exh. B (Odyssey's Amended Complaint).
17 In this letter, Odyssey informed Augen Opticos that its use of "PARASOL" in connection with its
18 lenses constituted an infringement of Odyssey's rights and demanded that Augen Opticos cease and
19 desist use of the mark. *Id.* In spite of Odyssey's notice and two separate trademark examiners'
20 rejection of Augen Opticos' application to register marks containing "PARASOL", Odyssey
21 continued to use the infringing mark in connection with its ophthalmic lenses. *See* Exh. B at ¶ 22.
22 Accordingly, on November 6, 2010, Odyssey filed the Tennessee Action against Augen Opticos
23 alleging, *inter alia*, trademark infringement.[2]

---

[2] On December 17, 2010, Augen Opticos filed a Motion to Dismiss Odyssey's complaint in the Tennessee Action, based on alleged insufficient service of process and lack of personal jurisdiction.

1   More than one month after the Tennessee Action was filed, on December 17, 2010, Augen
2   Optics filed the California Action seeking a declaratory judgment of non-infringement.  Thus, the
3   heart of the California Action is the issue of whether or not Augen Opticos and/or Augen Optics
4   infringed Odyssey's trademark, the very issue at the heart of the Tennessee Action filed more than
5   one month earlier.  Because Odyssey's Complaint was filed first, Augen's California Action should
6   not be litigated before this Court; rather, the Western District of Tennessee is the appropriate forum.

**III. ARGUMENT**

The first-to-file rule was first recognized by the United States Supreme Court in 1824 when it held that "[i]n all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it." *Smith v. McIver*, 22 U.S. 532, 535 (1824).  The Ninth Circuit has recognized that if a complaint involving overlapping parties and issues has already been filed in a different federal district court, the court in which the second suit is filed may transfer, stay or dismiss the second suit. *See, e.g., Alltrade, Inc. v. Uniweld Products, Inc.*, 926 F.2d 622 (9th Cir. 1991).  Courts in the Ninth Circuit consider three factors in determining whether the first-to-file rule applies:  "the chronology of the two actions, the similarity of the parties, and the similarity of the issues." *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D.Cal. 1994) (citing, *e.g., Alltrade, supra*, 946 F.2d at 625-26).  Furthermore,

---

In its Motion to Dismiss, Augen Opticos claims that: 1) Patricia Machado, who was served by Odyssey with its complaint, was not authorized to receive service on behalf of Augen Opticos, the original named Plaintiff in the Tennessee Action and 2) there is no general or specific jurisdiction over Augen Opticos in the Western District of Tennessee.   As discussed herein, because of the infringing emails sent to the Western District of Tennessee, and because Patricia Machado over and over again has held herself out as an officer of Augen Opticos (with the authority to grant powers of attorney and to settle the *Opthonix* case when it was pending before this court), the statements made in her declaration in support of Augen Opticos' motion to dismiss the Tennessee Action, at Exh. G, about her not being an officer or employee of Augen Opticos, about Augen Opticos not doing business in the United States, and about the companies not sharing any offices, are demonstrably wrong.  Consequently, Odyssey is firmly convinced that it will defeat Augen Opticos' motion to dismiss.  Regardless, there is no question that Augen Optics was properly served with the First Amended Complaint in the Tennessee Action (s*ee* Exh. D (Bishop Decl.)) and, based on the infringing emails that were sent unsolicited to Tennessee (*see* Exh. C at ¶¶ 5 – 7)*,* that the Tennessee court has jurisdiction over Augen Optics.

"in determining when a party filed an action for purposes of the first to file rule, courts focus on the date upon which the party filed its original, rather than its amended complaint." *Id.* (citations omitted). "The first-to-file rule was developed to 'serve the purposes of promoting efficiency well and should not be disregarded lightly.'" *Alltrade*, 946 F.2d at 262 (internal citations omitted).

In the current case, the first factor, chronology, establishes that the Tennessee Action is the one that should proceed to adjudication. Odyssey filed its complaint against Augen Opticos on November 6, 2010, more than a month prior to Augen Optics' California Action for declaratory judgment filed on December 17, 2010. Subsequently, on December 27, 2010, Odyssey filed its First Amended Complaint, adding Plaintiff Blue Cove Corp. d/b/a Augen Optics, which is the Plaintiff in the California Action. As noted in Odyssey's First Amended Complaint, upon information and belief, Augen Opticos and Augen Optics have worked in concert to injure Odyssey by infringing Odyssey's trademark. *See, e.g.,* Exh. B at ¶¶ 8, 14. Pursuant to Fed. R. Civ. P. 15(c)(1)(C), Odyssey's amendment to add Augen relates back to the date of Odyssey's initial complaint, filed on November 6, 2010. Additionally, courts apply the date of the original complaint, not any amendments, when examining the applicability of the first-to-file rule. *See Ward,* 158 F.R.D. at 648. As such, Odyssey's Tennessee Action predates Augen Optics' California Action by over one month.

The second factor, similarity of the parties, is also satisfied. Odyssey is the plaintiff in the first-filed, coercive action for infringement in Tennessee and Augen Optics is a defendant in that action. In the California Action for declaratory judgment, filed second, Augen Optics is the plaintiff and Odyssey is the defendant. Thus, both are parties to both actions such that the second consideration – similarity of the parties – dictates that the first-to-file rule should be applied and the Tennessee Action should be the one to proceed.

That Augen Opticos is a party to the Tennessee Action but was not made a party in this action by Augen Optics is of no consequence. The facts indicate that Augen Optics and Augen Opticos are

Gibson, Dunn & Crutcher LLP

6   Case No. 10cv2606 IEG BGS

working in concert and are, in fact, likely alter egos of one another. Both corporations appear to have a physical address of Suite 200, 6020 Progressive Avenue, San Diego, California 92154. *Compare* Exh. E (Augen Parasol trademark application) *with* Augen Complaint at ¶ 8. Additionally, both Augen Optics and Augen Opticos appear to share corporate officers. In various applications to the USPTO by Augen Opticos, Patricia Machado has signed powers of attorney on behalf of the applicant, Augen Opticos, as "VP Business Development" indicating that she is an officer of Augen Opticos. *See, e.g.,* Exh. E. This is further substantiated by Ms. Machado's September 7, 2010 statement under penalty of perjury at the settlement conference in the *Opthonix* case before this Court in which Ms. Machado stated that she was the "Vice President of Business Development" for Augen Opticos with the authority to bind the corporation. *See* Exh. F (*Opthonix* Transcript) at 3:18-22. In addition, Ms. Machado, in her declaration in support of the Motion to Dismiss filed by Augen Opticos in the Tennessee Action, admits that she is also the "VP Business Development" for Augen Optics. *See* Exh. G (Machado Decl.). In any event, both cases involve Odyssey and Augen Optics. Thus, the second factor in the first-to-file inquiry is satisfied.

Finally, the third factor, similarity of the issues, is also satisfied. Both the Tennessee Action and the California Action are about whether or not Augen has infringed Odyssey's PARASOL® mark, even though Augen Opticos has framed its complaint under the Federal Declaratory Judgment Act. As such, the two actions clearly involve the same issues of law and fact. Even a cursory comparison of the two complaints reveals that the cases turn on the same Odyssey PARASOL® mark and the same Augen infringing marks, emails, advertising literature, website materials and the like. Without question, the subject matter of the first-filed Tennessee Action completely overlaps the declaratory judgment action filed by Augen Optics; this consideration shows that the action should be resolved by the Tennessee court.

In the event that Augen Optics argues that the first factor, chronology, favors it because it filed its declaratory judgment action before Odyssey filed its First Amended Complaint, the argument would be doubly flawed.  First, as noted previously, the date to be used is the date of the original filing and not the amendment.  *See Ward*, 158 F.R.D. at 648.  Second, even if Augen had filed its declaratory judgment action first, the Tennessee Action should be the one to proceed to judgment as Odyssey is the natural plaintiff and, as such, would fall within a clearly established exception to the first-to-file rule.  Courts have carved out an exception to the first-to-file rule for bad faith, anticipatory suits, and forum shopping.  *Alltrade, supra,* 946 F.2d at 628.  "Generally a suit is anticipatory when the plaintiff filed its suit upon receipt of specific, concrete indications that a suit by the defendant was imminent."  *See Ward,* 158 F.R.D. at 648 (citing *Amerada Petroleum Corp. v. Marshall,* 381 F.2d 661 (5th Cir.1967)).  In many cases, courts have declined to proceed with a first-filed declaratory judgment action in favor of a second-filed coercive action by a "natural" plaintiff.  *See, e.g., Tempco Elec. Heater Corp. v. Omega Engineering,* 819 F.2d 746 (7th Cir. 1987); *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004); *Amerada Petroleum Corp.,* 381 F.2d at 663.   In the present case, Augen Optics' declaratory action was filed second to Odyssey's Tennessee Action and would more properly be asserted as a counterclaim in the Tennessee Action.

As discussed above, both the Tennessee Action, filed on November 6, 2010, and the California Action, filed on December 17, 2010, involve identical parties and issues.  The heart of both actions is whether or not Augen Opticos and/or Augen Optics has infringed Odyssey's PARASOL® mark.  Both cases will involve the litigation of almost identical facts using almost identical witnesses; as such, a duplication of discovery and trial in both Tennessee and California is a waste of judicial resources and an inconvenience to the parties.

Because the Tennessee Action was filed first, this is a textbook example of a case in which the first-to-file rule should be applied.  Thus, this Court should dismiss or stay the California Action, in

1  favor of the Tennessee Action filed over three months prior, or transfer this action to the Western
2  District of Tennessee.

## IV. CONCLUSION

For the reasons discussed above, Defendant Odyssey Medical, Inc. respectfully requests that, pursuant to Federal Rule of Civil Procedure 12(b)(6) and the federal common law first-to-file rule, this Court dismiss or stay Plaintiff's action or transfer it to the Western District of Tennessee.

Dated: January 26, 2011

                              Respectfully submitted,

                              GIBSON, DUNN & CRUTCHER LLP
                              Wayne Barsky
                              Lindsey Wittenberg

                              MARTIN, TATE, MORROW & MARSTON, P.C.
                              Richard M. Carter (admitted *pro hac vice*)
                              Adam C. Simpson (admitted *pro hac vice*)

                              By:     s/ Adam C. Simpson
                                             Adam C. Simpson

                              Attorneys for Defendant,
                              Odyssey Medical, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2011, the foregoing Memorandum of Points and Authorities in Support of Motion to Dismiss, Stay, or Transfer was filed electronically. Notice of this filing was served upon counsel of record for Plaintiff via the Court's electronic filing system, and access to this filing can be obtained through the Court's electronic filing system.

s/ Adam C. Simpson
Adam C. Simpson