# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE COVE CORP., a Delaware Corporation d/b/a/ AUGEN OPTICS in the State of California,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>ODYSSEY MEDICAL, INC., a Tennessee Corporation,<br><br>　　　　　　　　　　　　　　Defendant. | CASE NO. 10cv2606-IEG(BGS)<br><br>Order Granting Defendant's Motion to Dismiss, Stay or Transfer Action [Doc. 12] |

Presently before the Court is the motion to dismiss, stay or transfer action filed by Defendant Odyssey Medical, Inc. ("Odyssey") based upon the first-to-file rule. The Court found the motion appropriate for submission on the papers and without oral argument, and previously vacated the hearing date. For the reasons explained herein, the Court GRANTS Odyssey's motion.

## *Background*

On November 6, 2010, more than one month before Plaintiff Blue Cove Corp. d/b/a/ Augen Optics ("Blue Cove") filed the current suit, Defendant Odyssey Medical, Inc. ("Odyssey") initiated litigation against Augen Opticos S.A. de C.V. ("Augen Opticos") in the U.S. District Court for the Western District of Tennessee. In the Tennessee action, Odyssey alleges Augen Opticos' use of the mark "AUGEN PARASOL" infringes Odyssey's federally registered trademark PARASOL®, U.S. Registration No. 2,211,886. [W.D. Tennessee Complaint, Case No.

1 | 2:10cv2797, Exhibit C to Plaintiff's Complaint, Doc. 1-3, ¶ 16.]

2 | On December 17, 2010, Blue Cove filed this action for declaratory relief. Blue Cove alleges it is an exclusive licensee and the exclusive distributor of opthalmic lenses sold by Augen Opticos, a Mexican company doing business outside the territorial jurisdiction of the United States. [Complaint, ¶ 1.] Augen Opticos uses the term AUGEN PARASOL in connection with its marketing and sale of opthalmic lenses. Blue Cove seeks a declaration that its use of AUGEN PARASOL in the marketing and sale of Augen Opticos opthalmic lenses does not infringe Odyssey's PARASOL® trademark. [Id., ¶ 11.] Blue Cove alleges that "[b]y virtue of its affiliation with Augen Opticos, a real and actual case or controversy exists between [itself] and Odyssey regarding [its] further use of the term AUGEN PARASOL." [Id., ¶ 13.]

On December 27, 2010, Odyssey amended the complaint in the Tennessee action to add Blue Cove dba Augen Optics as a Defendant. [Defendant's Motion to Dismiss, Exhibit B.] Odyssey now moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) and the federal common law first-to-file rule. In the alternative, Odyssey seeks a stay of this action or an order transferring the action to the Western District of Tennessee.

### *Discussion*

The "first-to-file" rule is a "generally recognized doctrine of federal comity" that allows a district court to decline jurisdiction over an action "when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982) (citations omitted). Pursuant to the rule, "when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." Id. However, this rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." Id.

In applying the "first to file" rule, the court looks to three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. See Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991). If the case meets the requirements of the "first to file" rule, the court has the discretion to transfer, stay, or dismiss

the action. See id. at 628-29. However, even where the rule would otherwise apply, the court also has the discretion to "dispense" with its application "for reasons of equity." Id. at 628.

### 1.     Chronology of the two actions

Odyssey's action in the Western District of Tennessee was filed more than a month before this action.  In opposition, Blue Cove argues that because it was not named in Odyssey's original complaint, the Court should determine the chronology of the actions based upon the date of filing of the amended complaint.  However, courts have consistently held that the relevant date to be used for purposes of the first-to-file rule is the date of the original filing and not an amendment. Intersearch Worldwide, Ltd. v. Intersearch Group, Inc., 544 F. Supp. 2d 949, 958 (N.D. Cal. 2008) (relevant date for purposes of first-to-file analysis is date of filing of original complaint regardless of when or how parties were later added); Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994) (relevant inquiry is filing date of original complaint); Plating Resources, Inc. v. UTI Corp., 47 F. Supp. 2d 899, 904 (N.D. Ohio 1999) (same).

### 2.     Similarity of the parties

Blue Cove dba Augen Optics is named as a defendant in Odyssey's amended complaint in the Western District of Tennessee.  In this Court, Blue Cove alleges it is an exclusive licensee and the exclusive distributor of Augen Opticos products in the United States. [Complaint, ¶ 1.]  Blue Cove alleges there exists a real and actual case and controversy between itself and Odyssey regarding the further use of the term AUGEN PARASOL based upon its affiliation with Augen Opticos. [Complaint, ¶ 13.]  Nonetheless, Blue Cove argues it is a completely separate and distinct entity for purposes of analysis under the first-to-file rule.  The Court disagrees.

Odyssey has shown that Blue Cove dba Augen Optics has held itself out interchangeably with the corporate identity Augen Opticos S.A. de C.V. in prior dealings in this Court and with the U.S. Patent and Trademark Office. [Complaint filed in S.D. Cal. Case No. 10cv1512-IEG, ¶ 7; Declaration of Russell Walker filed in the W.D. Tenn., Exhibit C to Odyssey's Reply, Doc. 16-3, ¶¶ 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 31 and related Exhibits.]  Augen Optics and Augen Opticos share a physical office in San Diego. [Supplemental Declaration of Russell Walker in Support of Odyssey's Reply ("Walker Supp. Decl."), Doc. 16-1, Exhibit H-1 (identifying Augen Opticos'

1  address as 6020 Progressive Avenue, San Diego; Complaint, ¶ 8 (identifying Blue Cove's address
2  as 6020 Progressive Avenue, San Diego).]  The companies' websites resolve to an identical IP
3  address and the content of their websites is identical.  [Walker Supp. Decl., ¶¶ 2-96, 98, 100.]
4  Nowhere on those websites is there any reference to "Blue Cove."  [Walker Supp. Decl., ¶ 97.]
5  Based thereon, the Court concludes there is sufficient similarity between Blue Cove dba Augen
6  Optics and Augen Opticos to justify application of the first-to-file rule.

       3.     Similarity of claims

Odyssey's complaint in the Western District of Tennessee alleges that Augen Opticos' use of the "AUGEN PARASOL" mark infringes Odyssey's federally registered trademark PARASOL®, U.S. Registration No. 2,211,886.  In the current case, Blue Cove seeks a declaration that its use of AUGEN PARASOL in the marketing and sale of Augen Opticos opthalmic lenses does not infringe Odyssey's PARASOL® trademark.  Blue Cove in its opposition does not dispute that the claims are sufficiently similar to justify application of the first-to-file rule.

       4.     Exceptions to application of the first-to-file rule

In opposition to Odyssey's motion to dismiss, Blue Cove primarily argues the Court should exercise its discretion not to follow the first-to-file rule for reasons of equity.  The court has discretion to dispense with application of the first-to-file rule for reasons of equity or to conserve judicial resources.  Alltrade, Inc., 946 F.2d at 628.  Courts decline to apply the rule where there is bad faith or forum shopping or where the first-filed action is an anticipatory suit.  Id.

Here, Blue Cove argues that convenience weighs in favor of litigating in California, rather than Tennessee, based upon the location of witnesses and documents and also based on the relative size and resources of the two companies.  This argument, however, should be addressed in the first instance by the court in which the first action was commenced.  Alltrade, Inc., 946 F.2d at 628 (quoting Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982) (although party raised serious questions regarding the propriety of proceeding in jurisdiction in which first action was filed, such question normally "should be addressed to the court in the first-filed action").  The Court notes that Augen Opticos has filed a motion to dismiss in the W.D. Tennessee based on lack of personal jurisdiction and insufficient service of process.  Blue Cove dba Augen

1  Optics has not yet appeared in that action.[1]  To the extent Blue Cove believes this Court is the
2  more appropriate venue to litigate the parties' trademark claims, it should first raise such
3  arguments with the Tennessee court.

4      5.    <u>Appropriate remedy</u>

5  In most cases, dismissal of a second-filed action is appropriate. <u>Alltrade, Inc.</u>, 946 F.2d at
6  629.  However, where the first-filed suit may be dismissed on jurisdictional grounds, the second-
7  filed action should ordinarily be stayed so as to avoid any later statute of limitations problems.  <u>Id</u>.
8  Here, as pointed out above, Blue Cove dba Augen Optics has not yet appeared in the Tennessee
9  action.  However, Augen Opticos has filed a motion to dismiss in that Court based on lack of
10 personal jurisdiction.  If the Tennessee court dismisses Odyssey's action for lack of personal
11 jurisdiction, Blue Cove may nonetheless pursue its claims for declaratory relief in this Court.
12 Depending upon how long the parties litigate jurisdictional issues in Tennessee, Blue Cove could
13 face statute of limitations problems if the Court were to dismiss this case.  Therefore, instead of
14 dismissing the current action, the Court will stay it pending the Tennessee court's decision on the
15 jurisdictional and venue issues raised by Blue Cove dba Augen Optics and Augen Opticos.  If the
16 Tennessee court rejects the jurisdictional and venue arguments before it and allows Odyssey to
17 proceed, this case will be dismissed.

18 *<u>**Conclusion**</u>*

19 For the reasons set forth herein, the Court GRANTS Odyssey's motion based upon the
20 first-to-file rule.  However, the Court declines to dismiss the action but instead orders it STAYED
21 pending decision by the Tennessee court on the jurisdictional and venue issues raised by Blue
22 Cove dba Augen Optics and Augen Opticos.  This case will be dismissed upon notice that the
23 ///
24 ///
25 ///
26 ///
27
28     [1]In its opposition to Odyssey's current motion, Blue Cove asserts it has not yet been properly served in the Tennessee action.

1  Tennessee court intends to proceed with that first-filed action.  Odyssey shall file a status report
2  with this Court regarding the proceedings in the Tennessee court no later than 90 days after the
3  filing of this order.
4      **IT IS SO ORDERED**.
5  **DATED: March 28, 2011**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**